# In The
# United States Court of Appeals
# For the Third Circuit

## 19-2706

ORIEN TULP

*Plaintiff-Appellant*

v.

EDUCATIONAL COMMISSION FOREIGN, ET AL

*Defendants-Appellees*

*On Appeal from Order and Judgment entered in the United States District Court for the Eastern District of Pennsylvania at No. 2-18-cv-05540*

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

WILLIAM C. REIL, Esq.
LAW OFFICES OF WILLIAM C. REIL
1515 Market St, Suite 1200
Philadelphia, PA 19102
(215) 564-1635
*Attorney for Plaintiff-Appellant*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................. i

TABLE OF CITATIONS ......................................................................... ii, iii

INTRODUCTION ........................................................................................ 1

ARGUMENT ................................................................................................ 1

I. THE ACCEPTANCE BY THE TRIAL COURT OF ALL OF ECFMG'S PROPOSED ADMISSIONS WAS AN ABUSE OF DISCRETION, AND WAS TANTAMOUNT TO GRANTING SUMMARY JUDGMENT ............................................................... 1-5

II. THE ADMINISTRATIVE HEARING CONDUCTED BY APPELLEE ECFMG VIOLATED THE DUE PROCESS RIGHTS OF APPELLANT DR. TULP ................................................................ 6-8

III. THE INTERNET POSTING BY APPELLEE PRIOR TO THE ADMINISTRATIVE HEARING INDICATED BIAS, WHICH ABROGATED A FAIR HEARING BEFORE THE TRIBUNAL . 9-11

CONCLUSION ........................................................................................... 12

# TABLE OF AUTHORITIES

**Cases:** **Page**

Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 255(1986).....................11

Campbell v. Pa. Sch. Boards Ass'n, (United States District Court, E.D. Pa., 12/20/18)......................................................................................4

J.P. v. Department of Human Services, 170 A.3d 575, 581 (Pa. Cmwlth. 2017).........................................................................................10

O'Connell v. Associated Wholesalers Inc, 558 F. App'x at 290,291 (2014)..........................................................................................5

Pepe v. Urban, 11 N.J. Super. 385,389 N.J. Appellate Div......................5

Tolan v. Cotton, 382 U.S. 406(1966)..............................................1,2,11

## CONSTITUTION, STATUTES AND OTHER REFERENCES

FRCP 56(a)..................................................................................2

FRCP 83 ......................................................................................5

## INTRODUCTION

The transcript of the hearing for Dr. Tulp on 11/28/18 (418a-1, et seq), before the ECFMG, indicates that it does not comport with fundamental fairness, including notice and opportunity to be heard. Nothing has changed, in terms of the summary judgment record on this issue, since the Court concluded in its Opinion of 11/26/19 that there was a plausible claim for deprivation of common law due process. Notice and opportunity to be heard are hollow if the committee appointed by the ECFMG received biased evidence **before** the administrative hearing manufactured by the ECFMG, and no evidence was introduced at the hearing. This is so despite the ECFMG's rules specifying that they have the burden of proof. (211-212a)

The proceeding which Dr. Tulp attended was even more egregious when he realized that even though the ECFMG had the burden of proof (211-212a), that they were not going to present any evidence or witnesses, nor would they allow him to ask any questions to determine whether the committee had been prejudiced by the posting on the Internet before his hearing, which indicated bias and predetermination of guilt on the part of the appellee.

## ARGUMENT

**I. The Lower Court Accepting ECFMG's "Admissions" for Summary Judgment Was an Abuse of Discretion**

The Court below failed to view the evidence in the light most favorable to Non-Movant, as required by *Tolan*. *Tolan v. Cotton*, 382 U.S. 406(1966).

1

In *Tolan*, "the Court improperly weighted the evidence and resolved disputed issues in favor of the moving party". Similarly, the Court below failed to incorporate the proper standard for Summary Judgment as outlined in *Tolan*:

"Summary Judgment is appropriate only if 'Movant shows that there is no genuine issue as to any material fact and the Movant is entitled to judgment as a matter of law.' F.R.C.P. 56(a). In making that determination, a Court must view the evidence "in the light most favorable to the opposing party." *Tolan* at 657.

The Lower Court ignored admitted facts and failed to credit competent and uncontroverted evidence presented by the Non-Movant. To grant Summary Judgment, the Court below has to find that a trial would be useless because there are no material facts for a judge or jury to weigh. The Court below, as well as Movant (appellee), are acting as if the Motion for Summary Judgement has the same standard as a bench trial.

Movant engaged in questionable activity to prevent Non-Movant from complying with the Lower Court's Scheduling Order. (302a) The Lower Court had ordered a single joint appendix of all exhibits to be used for Summary Judgment. SAppx 0983. The Movant filed a misleading statement of undisputed facts shortly before the Lower Court's deadline. The facts were disputed by Non-Movant (appellant). The material submitted by Movant was over five hundred pages, which the Non-Movant informed the Movant was impossible to review and decide what was uncontested or not, on short notice. The Lower Court then decided to ignore

Non-Movant's evidence, including a sworn affidavit attached to Non-Movant's response to Movant's Motion for Summary Judgment. Instead, Movant relies on the false claim that Non-Movant would not comply with the Lower Court Scheduling Order.

Non-Movant could not comply with the Lower Court's Order because of the Movant's actions. However, in spite of Movant's duplicitous activity, Movant's statement of "alleged" undisputed facts clearly establishes fact issues for the fact-finder to decide.

The Movant in its brief made the following admissions:

1. ECFMG placed a Sponsor Note in the World Directory of Medical Schools to inform students specifically whether the students are eligible to apply for Movant's certificate. S.Appx 0223, 0448, and 0449.

2. On or around September 14, 2018, ECFMG undated its Sponsor Note for USAT with negative information. S. Appx 0223, 0331-0335, 0778.

3. ECFMG undated its Sponsor Note for USAT again on or about October 18th with negative information. S. Appx 0223-0224, 0350-0351.

4. ECFMG sent a letter summarizing and describing in detail the allegations of irregular behavior on October 18, 2018, days after publishing negative information on the Internet. S.Appx 0208-0213, 0343-0346, 0488, 0707.

5. Movant published the September 24th and October 18th Sponsor Notes without giving Non-Movant Notice or Hearing. (See citations above.)

The Movant's alleged undisputed facts established three disputed fact issues which determination is the responsibility of the fact-finder, not the Lower Court. The first issue is whether Non-Movant received Notice prior to Movant taking action against Non-Movant. The second issue is whether Non-Movant received all

3

evidence to be considered by the Credential Committee. The third issue is whether Non-Movant was given due process and a fair hearing under ECFMG's rules, when no evidence was presented before the Committee by Movant's staff.

The first factual contested issue is lack of Notice and Hearing prior to posting negative information on the Internet. Additionally, the ECFMG gives individuals charged with irregular behavior the right to notice the facts which ECFMG claims support a charge of irregular behavior and the right to a hearing before the Medical Education Credential Committee. Plus, the ECFMG states that the Medical Education Credential Committee will decide whether irregular behavior has occurred based on **a preponderance of the evidence** presented. (212a). Instead, Movant relies on the incorrect claim that Non-Movant did not comply with the Lower Court Scheduling Order. Non-Movant could not comply with the Lower Court Order because of the Movant's actions.

It is argued that the sanction by the Court of virtually granting summary judgment to the defendants based on a perceived violation of its scheduling order was an abuse of discretion. In *Campbell v. Pa. Sch. Boards Ass'n*, (United States District Court, E.D. Pa., 12/20/18) the District Court denied a motion for sanctions requesting disqualification, characterizing it as an extreme sanction which should not be imposed lightly. Appellant alternatively argues there was no prejudice to the appellee and this was not a situation where there was any type of previous or continuing violation. Summary judgment is the "ultimate sanction" and is even

4

more severe than disqualification. Eagerness to expedite business, or to utilize fully the Court's time, should not be permitted to interfere with the duty of administrative justice in the individual case. (*Pepe v. Urban*, 11 N.J. Super. 385,389 N.J. Appellate Div.) Cases should be won or lost on their merits, and not because the litigants have failed to comply precisely with court schedules, unless such noncompliance was purposeful, and no lesser remedy was available.

There is no evidence in the record to show that plaintiff's alleged noncompliance with the Court's scheduling order was purposeful. The Court did not make findings of fact or conclusions of law with respect to this issue. It is noted that the correspondence between the parties shortly before the joint appendix was due indicated that defendants did not hold a meeting as required by the Court and they did not send 504 pages of their joint appendix to plaintiff until they filed this on 05/03/19. The correspondence between the parties indicates that defendants contacted plaintiff a few days before their requirements to file a motion for summary judgment.

Appellees, in their brief at page 26, cite *O'Connell v. Associated Wholesalers Inc*, 558 F. App'x at 290,291 (2014) for the proposition that under Rule 83(b) the District Court does not abuse its discretion to accept as undisputed one party's statement of facts as a sanction for another party's failure to reply. First of all, *O'Connell* is a non-precedential Opinion, but more importantly, it is distinguishable because in *O'Connell* the losing party failed to file a required

statement, rather than being prevented from filing a full statement because of the actions of their opponents.

**II. Due Process and a Hearing with No Evidence**

There is a question of material fact for the jury as to whether Dr. Tulp received a fair hearing under the rules of the ECFMG and common law due process. The transcript of the administrative hearing (418a-1, et seq) reveals that the ECFMG offered no evidence or witnesses, even though the ECFMG assumed the burden of proof. Appellee incorporated no prior evidence into the hearing, and refused to reveal to Dr. Tulp exactly what evidence the committee had considered. Dr. Tulp still does not know exactly all the evidence that the committee considered, including whether any committee members viewed the WDOMS posting prior to the hearing. No one was identified by the ECFMG who had personal knowledge of any malfeasance by Dr. Tulp.

Nowhere in the ECFMG's "policies and procedures" does it say that the appellee does not have to offer any evidence at the hearing. In point of fact, this is what was done. Again, the ECFMG's "policies and procedures" (211-212a) did not indicate the nature or the sequence of the hearing, except to say that Dr. Tulp had 20 minutes. The hearing was more like a right of allocution.

The ECFMG gave appellant the right to bring counsel to the hearing. What use is the right of counsel at a hearing if counsel's function is relegated to that of a potted plant? If the ECFMG is to present no witnesses or evidence at the hearing,

6

and require Dr. Tulp to do the same, then the right to counsel is illusory. This is typical of appellee's approach to due process, as mere window dressing to be tightly controlled, so the ECFMG can never be questioned, or Dr. Tulp allowed to cross-examine or object to any of appellee's evidence, or allow evidence to be offered by Dr. Tulp.

It is disingenuous to offer a hearing, when one has the burden of proof, and then not present anything at the hearing. This similarly holds for the right of counsel when the hearing is structured so that counsel has no function. There is nothing in the ECFMG's rules which indicates that one should expect to have a "hearing" where no evidence is presented by the party that has the burden of proof. Nowhere in the ECFMG's "policies and procedures" does it state that the charge of "irregular behavior" can be decided solely on submissions prior to the hearing. Counsel for appellant asked what material was supplied to the hearing committee, (418a-1, et seq) and what evidence was sent to the committee showing culpability. No reply was received.

Elisa McEnroe, Esquire, who conducted the committee hearing, and is an attorney for appellee in this case, and who submitted a personal affidavit along with her Surreply, refused to give such material to appellant's counsel. Furthermore, appellant had two binders placed on the desk in front of him shortly before the hearing began (but whose contents were never entered into the record).

The Lower Court, in its Summary Judgment Opinion, nowhere notes the

deficiencies in the ECFMG's "policies and procedures". (211-212a) It is not enough to grant a hearing and to allow counsel to attend, if the proceedings are controlled in such a way that this right to counsel is not meaningful. It is reasonable for attorneys to assume that there will be some evidence and witnesses at a hearing where the opposition bears the burden of proof.

It is not an accident that the nature of the ECFMG's hearing is not discussed in its rules. Kara Corrado, a lawyer for the ECFMG, who attended the hearing, states, in her testimony at the hearing on the preliminary injunction on 01/15/19, that neither cross-examination nor evidence are customarily presented at ECFMG hearings. (470a-471a) This fact is conveniently omitted from the "policies and procedures" of the ECFMG.

The second factual issue is whether the Non-Movant was given all the evidence prior to the November 28th hearing. The Movant's own brief establishes a fact issue on what evidence was disclosed to the Non-Movant. The Movant in its brief established that information was given to Non-Movant prior to and during the November 28th hearing. The Movant's counsel adjourned the November 28th hearing when Non-Movant's counsel pointed out that evidence given to Non-Movant at the start of the November 28th hearing was not supplied prior to the hearing. (418a-1, et seq)

### III. The WDOMS Internet Posting by the ECFMG Prior to the Hearing

Over two months before the hearing of Dr. Tulp on "irregular behavior" on 11/28/18, the ECFMG put language on the World Directory of Medical Schools (WDOMS) website (245a), which the ECFMG controlled, and without notice to Dr. Tulp, which implied that Dr. Tulp had already been found culpable of "irregular behavior". This is a posting on the Internet that is routinely viewed by foreign medical students and physicians. The ECFMG posted this message without any notice to Dr. Tulp. The appearance of the message was to indicate that USAT and Dr Tulp, as its president, had done something wrong which would require sanctions by the ECFMG.

It would appear to be a question of material fact as to whether the ECFMG sought to influence or taint the hearing for "irregular behavior" by Dr. Tulp through their Internet Sponsor Note. (696a) Certainly it is interesting that neither the WDOMS nor the ECFMG ever indicate in their communications on the Internet that they claim to be private organizations, and that these are not governmental actions or postings. One of the questions that Dr. Tulp, through his attorneys, did not get to ask at the so-called hearing, was the relationship between the ECFMG and the WDOMS, and why this sponsor note was posted prior to the hearing of Dr. Tulp, and was available to be viewed on the Internet by committee members who were supposed to be impartial before the 11/28/18 hearing.

At the very least, it is suggested that this publication on the WDOMS

9

website by the ECFMG raises a question of whether Dr. Tulp received a fair hearing. Due process requires a fair and impartial tribunal having jurisdiction over the case. *J.P. v. Department of Human Services*, 170 A.3d 575, 581 (Pa. Cmwlth. 2017).

The Movant controlled scheduling the Medical Education Credential Committee hearing regarding irregular behavior. The Movant chose in violation of its own rules to post negative comments on the Internet prior to either a Notice or a Hearing. The Movant could have easily had a Hearing prior to posting the negative information. Nothing prevented a Medical Education Credential Committee Hearing or at least Notice to Non-Movant prior to posting negative information on the Internet. As a result of the posting, the Non-Movant's property interest was severely diminished. (Tulp deposition, SAppx 0739, 0741).

The third factual issue is whether Non-Movant received due process when no evidence was presented to the Medical Education Credential Committee by Movant. The Movant admits in its brief that the Medical Education Credential Committee will consider evidence at its meeting. Only after the Medical Education Credential Committee has reviewed the evidence at the Hearing will a decision be made. SAppx 0203, 0259. Plus, when it was pointed out to the ECFMG's attorney during the hearing that evidence was being considered that was not disclosed, the ECFMG's attorney "quickly" adjourned the Medical Education Credential Committee meeting.

Viewing the facts in the light most favorable to the Non-Movant as required by *Tolan, supra,* the Lower Court should have found a fact issues as to whether Non-Movant was given Notice and a Hearing prior to the negative comment posting on the Internet. Whether Dr. Tulp received a fair hearing should be a jury issue.

The Lower Court's Opinion reflects a misapprehension of Summary Judgment standard. By weighing the evidence and reaching a factual inference contrary to Non-Movant's competent evidence, the Court below neglected to adhere to the fundamental principles that at the Summary Judgment stage, reasonable inference should be drawn in Non-Movant's favor.

The Lower Court failed to adhere to the axiom that in ruling on a Motion for Summary Judgment, "evidence of the Non-Movant is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc,* 477 U.S. 242, 255(1986). The Lower Court did just the opposite. The Movant's alleged undisputed facts establish fact issues to be determined by the fact finders.

## CONCLUSION

For all the foregoing reasons, it is respectfully submitted that the Court erred in granting defendant's Motion for Summary Judgment.

Respectfully submitted,

/s/William C. Reil
William C. Reil, Esquire For:
Tommy Swate, Esquire
Counsel for Appellant
Dr. Orien L. Tulp
Attorney I.D. No. 26833 1515
Market Street, Suite 1200
Philadelphia, PA 19102
215-564-1635
02/05/20

## CERTIFICATE OF BAR MEMBERSHIP

I, William C. Reil, certify that I am admitted to practice before the United States Court of Appeals for the Third Circuit. (Admitted 08/06/96).

/s/William C. Reil
William C. Reil, Esquire For:
Tommy Swate, Esquire
Counsel for Appellant
Dr. Orien L. Tulp
Attorney I.D. No. 26833 1515
Market Street, Suite 1200
Philadelphia, PA 19102
215-564-1635
02/05/20

13

## CERTIFICATE REGARDING FED.R.APP.P.32(A)(7)(C)

I, William C. Reil, Esquire, hereby certified that this Brief consists of 12 pages and 3,015 words, as determined by the Microsoft word processing system used to prepare the Brief.

/s/William C. Reil
William C. Reil, Esquire For:
Tommy Swate, Esquire
Counsel for Appellant
Dr. Orien L. Tulp
Attorney I.D. No. 26833 1515
Market Street, Suite 1200
Philadelphia, PA 19102
215-564-1635
02/05/20

15

## CERTIFICATION OF IDENTICAL E-BRIEF AND HARD COPY

I, William C. Reil, Esquire, pursuant to Third Circuit Rule 31.1 (c), hereby certify that the text of the e-Brief and the hard copies of the Brief filed this date are identical. I further certify that a virus check was performed this date of the e-Brief and no viruses were detected.

/s/William C. Reil
William C. Reil, Esquire For:
Tommy Swate, Esquire
Counsel for Appellant
Dr. Orien L. Tulp
Attorney I.D. No. 26833 1515
Market Street, Suite 1200
Philadelphia, PA 19102
215-564-1635
02/05/20

# AFFIDAVIT OF SERVICE

IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## 19-2706

DR. ORIEN L. TULP,

                                                              Plaintiff-*Appellant*

v.

EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, et al,

                                                              *Defendants-Appellees*

COUNTY OF PHILADELPHIA

I, Frederick W. Wright, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

I am retained by William C. Reil, Esq., Attorney for Plaintiff-Appellant, that on this 5TH day of February 2020, the Reply Brief has been served by ECF.

Filing to the Court has been perfected on the same date as above.

/s/Frederick W. Wright
FREDERICK W. WRIGHT
Wright Appellate Services
517 Jefferson Building
1015 Chestnut Street
Philadelphia, PA  19107
(215) 733-9870*(800) 507-9020*FAX (215) 733-9872
Email address: appealfww@aol.com